UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES EDWARD SCOTT, III,

            Plaintiff,

    v.

TAITANO, et al,

            Defendant.

Case No. 3:23-cv-00253-ART-CSD

ORDER

## I.    BACKGROUND

The Court adopts the following facts from the R&R: When Plaintiff filed this action, he was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. He is no longer in the custody of NDOC. (See ECF No. 27.)

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendants Jeffrey Holz (named by Plaintiff as Holtz), Daniel Omler, Brittany Owens, Smallwood, Michael Ortzel, Joshua Collins, Leah Bories, Nephi Taitano, Robert Smith, Remer, Christopher Herzog, William Miller, Aaron Ryer, David Craig, Michael Flamm, David Tolotti, Benu Clark, Shawn Fluhrer, and Michael Tierney. The claim is based on Plaintiff's allegations that beginning on January 1, 2020, Defendants failed to transport Plaintiff to his life saving dialysis treatment as scheduled. (ECF No. 7.)

At a November 6, 2024, case management conference, the Court gave Plaintiff up to and including December 9, 2024, to complete service as to Defendants Smallwood and Remer. (ECF No. 22.) To date, no proof of service has been filed for Smallwood and Remer.

1

The remaining Defendants moved for summary judgment, arguing: (1) Plaintiff did not exhaust administrative remedies before filing this action; (2) Defendants are entitled to qualified immunity because there was no constitutional violation as there is no evidence Defendants intentionally interfered with or delayed his dialysis care; (3) there is no allegation or evidence of each Defendants' personal participation in the alleged constitutional violation; (4) Plaintiff's claim is barred by the statute of limitations; and (5) any claim for punitive damages fails.

Judge Denney concluded that Mr. Scott did not exhaust his administrative remedies as to the Eighth Amendment deliberate indifference claim he raised in the action, and therefore, summary judgment should be granted in favor of the Defendants. (ECF No. 45.) He also found that Defendants Smallwood and Remer should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff objected. (ECF No. 46.) Defendants responded. (ECF No. 47.)

## II.    LEGAL STANDARD

### a.   Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Mr. Scott objected to the R&R. (ECF No. 46.) Therefore, the Court reviews the R&R *de novo* for those subjects that Mr. Scott objected to.

2

### a. Motion for Summary Judgment

Summary judgment is appropriate when the record shows "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. Id. at 248.

In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). However, if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex*, 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

### III.    ANALYSIS

Plaintiff objects to the magistrate judge's conclusions on the grounds that it (1) misapplies the PLRA burden-shifting framework, (2) resolves factual disputes about "emergency" status without an *Albino* hearing, and (3) overlooks record evidence that the NDOC grievance system was unavailable as to Plaintiff's dialysis-transport issue. (ECF No. 46 at 3-4.) This boils down to essentially two objections: that the R&R applied the wrong standard, and that there is genuine dispute of material fact as to whether administrative remedies were available.

Plaintiff also argues that the Rule 4(m) deadline should be waived for good cause or excusable neglect, and requests that "any perceived pleading or record gap . . . should be addressed via accommodation . . . rather than dismissing on a technicality." (*Id.* at 5.)

3

### a. Plaintiff's Burden for Exhaustion

Plaintiff argues that although Defendants identified several incomplete grievance processes, his burden was merely to show unavailability, not prove perfect compliance with the grievance procedure. (ECF No. 46 at 3.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88. An inmate need exhaust only such administrative remedies as are "available." *Ross v. Blake*, 578 U.S. 632, 648 (2016); *see e.g., Eaton v. Blewett*, 50 F.4th 1240, 1245 (9th Cir. 2022).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). To determine if a defendant has proved a failure to exhaust under the PLRA, the court applies the burden-shifting framework from the Torture Victim Protection Act. *Williams*, 775 F.3d at 1191 (quoting *Albino*, 747 F.3d at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996))). The defendant must prove that there is an available administrative remedy and that the prisoner did not exhaust that available remedy. *Id.* The burden then shifts to the plaintiff, who must show that something particular in his case made the existing and generally available administrative remedies effectively unavailable because they were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. *Id.*

Plaintiff does not dispute that Defendants met their initial burden. (ECF

No. 46 at 3.) He argues that he has sufficiently raised a triable dispute that administrative remedies were unavailable. (*Id.*) Plaintiff's only argument on availability in response to the Motion for Summary Judgment was "NDOC's frequent non-responses rendered remedies 'unavailable' within the meaning of *Ross v. Blake*, 578 U.S. 632 (2016). This alone defeats summary judgment on exhaustion." (ECF No. 37 at 7.) Plaintiff did not point to any specific grievance where NDOC failed to respond and therefore made remedies unavailable. The Court agrees with the R&R's conclusion that this assertion is not sufficient to meet the standard of "something particular" that made administrative remedies ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. *See Albino*, 747 F.3d at 1172.

Therefore, the magistrate judge properly applied the burden-shifting framework and the objection is overruled.

### b. Availability of Grievance Procedure

Plaintiff argues that the reasons for his denials show the AR 740 process was "opaque, self-contradictory, and functioned as a dead end for Plaintiff's dialysis claim." (ECF No. 46 at 3.) He claims that the cited grievances show "classic unavailability hallmarks:" specifically, that his emergency grievance was reclassified to non-emergency for lacking a medical reason for transport help, and second, that his grievances suffered from serial rejections for technicalities. (*Id.* at 3.) He argues that NDOC's responses "show an opaque maze," therefore making the grievance process incapable of use. (*Id.* at 4.)

The Supreme Court has recognized at least three situations in which an administrative remedy is unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) if it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance

process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 633.

The Ninth Circuit has found administrative remedies unavailable where a prison warden incorrectly implied that an inmate needed access to a nearly unobtainable prison policy in order to bring a timely administrative appeal, *Nunes v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010), where prison officials declined to reach the merits of a particular grievance "for reasons inconsistent with or unsupported by applicable regulations," *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010), and where an inmate did not have access to the necessary grievance forms within the prison's time limits for filing a grievance, *Marella v. Terhune*, 568 F.3d 1024, 1027-28 (9th Cir. 2009).

Plaintiff argues that the fact that several emergency grievances were classified as non-emergent indicates that administrative remedies were unavailable to him. (ECF No. 46 at 4.) He claims that NDOC "repeatedly re-routed or screened out the grievance on shifting bases, preventing merits review." (*Id.*) The grievances that Plaintiff cites to in his objection, numbers 20063142423, 20063142480, and 20063142591 deny his emergency grievances as non-emergent for lack of a medical reason for vehicular transport. (ECF No. 34-3 at 94, 95, 96.) Plaintiff does not argue how he found that the re-classifications of his emergency grievances made the remainder of the grievance process opaque or unavailable. AR-740.07(7) provides that an inmate can request further review of a claim not deemed an emergency through a grievance appeal commencing at the Informal Level. The Inmate Grievance History does not show that Plaintiff requested further review of any of these re-classifications. Therefore, Plaintiff has not provided any facts that indicate exhaustion was unavailable to him.

Plaintiff argues that the rejections of his grievance 20063143007 for "missing administrative claim form," "multiple issues," "altering the form," and "blacked out dates" are examples of improper screening under *Sapp*, 623 F.3d at

823-34. (ECF No. 46 at 3.) Looking at grievance 20063143007, the reasons the grievance was rejected were listed explicitly within AR 740.04(2). This is not an example of unavailability. *See Sapp*, 623 F.3d at 825 (finding screening proper where rejection was supported by applicable regulations). Plaintiff does not make any other argument about why the multiple rejection rationales show opacity or unavailability. Therefore, the Court agrees with R&R and finds that Plaintiff has not argued with sufficient specificity that the grievance process was unavailable to waive proper exhaustion.

### c. Factual Disputes Demonstrate Need for Evidentiary Hearing

Plaintiff next argues that there are remaining factual disputes as to (1) whether his dialysis-access grievance was an "emergency," (2) whether the non-emergency reclassification was appropriate, (3) what AR 740 required after "not emergency" determinations, and (4) whether serial technical rejections were legitimate or pretextual that warrant an *Albino* hearing. (ECF No. 46 at 3-4.) Defendants respond that Plaintiff's alleged factual disputes surrounding AR 740's emergency procedures are not responsive to the inquiry as to whether Plaintiff properly exhausted his grievances or whether the grievance process was made unavailable to Plaintiff. (ECF No. 47 at 3.) It further argues that the technical rejections of Plaintiff's claims, including altering the grievance form, failing to provide proper documents, or including too many issues are all within the framework of applicable regulations. (*Id.*)

The Court agrees with Defendants that the factual disputes that Plaintiff identifies in regards to the emergency grievance procedure are not disputes of material fact related to the availability of the grievance procedure as it relates to exhaustion. Plaintiff does not argue that he was not aware of the emergency grievance appeals process or that it was made unavailable to him. Similarly, Plaintiff does not provide any facts in support of his allegation that technical rejections of grievance 20063143007 were pretextual. Therefore, there are no

disputes of material fact as to the availability of the grievance procedure that warrant an *Albino* hearing.

### d. Good Cause and Excusable Neglect Warrant Extension of Rule 4(m) Deadline and Procedural Accommodations

Having found that Plaintiff has not exhausted his administrative remedies, this action is dismissed and Plaintiff's requests for extension of the Rule 4(m) deadline and procedural accommodations are moot.

### IV.    CONCLUSION

It is therefore ordered that the Report and Recommendation (ECF No. 45) is ADOPTED.

It is further ordered that the Motion for Summary Judgment (ECF No. 34) is GRANTED.

It is further kindly ordered that the Clerk enter judgment in Defendant's favor and close the case.

Dated this 30th day of January, 2026.

_____

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE